Case number 11-1405, Bing Tai and Ying Chang Hong v. Dylann Reeves Okay, with the lawyer's approach, please introduce yourself. Justin Terry, on behalf of the appellant, Dylann Reeves. Good morning. Pamela Meyerson, on behalf of the plaintiff, Appellee Bing Tai and Ying Chang Hong. Okay. I understand you'll have to reserve some time before we move on. May it please the court? This case presents on what appears to be a simple contract case. A breach of a promissory note for personal loan. I would suggest to your honors that this is not quite so simple. The complaint that was filed in the circuit court by the plaintiff's appellees alleged that the plaintiff's appellees owned and then transferred interest in a certain property to my client, Dylann Reeves. The problem with that is that there is a rest for a HUD-1 settlement statement between an entity and a lender for the subject property. And through that settlement statement, the interest that the LLC had were paid to Bing Tai and Ying Chang Hong. To make this clear, what I propose to you is how do the plaintiff's appellees transfer an interest in something that doesn't exist? Therefore, where was the consideration for this promissory note that was allegedly in the complaint based on this very property, which again, in my brief, in the appendix, the settlement statement clearly shows a property, a borrower, Kendrick's Place LLC, an entity, a lender, Shore Bank, and payoffs in the amount of $159,000 plus some change each to each of the plaintiff's appellees. All right. Well, the plaintiffs here didn't have a lawyer, did they? Yes, they did. At trial? No, not at trial. I'm talking about during the transaction. During the transaction, it's alleged that they did not at the closing have an attorney. All right. So the promissory note, if it wasn't for the property, what was it for? Well, there's a personal relationship. In fact, it's my theory that basically this is a personal relationship. Well, let's forget about your theory. Didn't your client testify that he doesn't know what it's for? And that's exactly my point. Well, if he doesn't know what it's for, isn't that evidence? Well, I think he said it was for another transaction, not involved in this property. What other transaction? Did he testify to another transaction? Yes. Well, over the years, they had done several real estate rehab deals between them, between being tied and between my client. And I think it became a he said, she said, where the trial court judge basically took the credibility of the plaintiff's appellees against my client. My client was very clear that when that note came back, it had been changed. I mean, your client was a sophisticated real estate man, was he not? That's what was alleged. And these people are just, you know, not sophisticated at all. That's not true at all. They're also sophisticated real estate people. They were all, being tied at the very least, my client and his were both involved in real estate. They both understood what was going on. My client is not some wizard of real estate. He's a businessman. And he was doing business with a woman with whom he had an acquaintance. Can I just stop for a second? Didn't this come down to an issue of credibility? The judge had to make a decision who he believed, Mr. Reeves or the plaintiffs, and he chose to believe the plaintiffs. And we don't get to change that decision unless it's against the manifest weight of the evidence. So tell us why the judge's decision is against the manifest weight of the evidence when there is certainly testimony in the record that would support the plaintiff's view. Well, the standard is, I mean, if there's a rebuttable presumption of consideration. And again, it gets me back to this rest but hide one settlement statement. And we should reconsider it because why? First off, why are there two separate transactions for one property? The rest of it is a consumer protection statute. It's the very reason why we have it. So that it encompasses all the components of a deal. All the fees, all the costs, all the charges. On that very statement, it shows payments to each of these plaintiffs' appellees for a certain amount. So I think we get to it. And then there's a separate promise. For nowhere in the promissory note is there any mention of any properties. So the judge has to decide what it was for based upon what your client said as opposed to what the plaintiffs said. And he chose to believe the plaintiffs. Then I'm back to my same question. If our standard of reviewing is the manifest weight, why or how can we reverse the trial judge's credibility assessment? I think that's the appellee's standard of review. I would suggest that if we look at contract law, we could possibly also look at a de novo. But even if we did not, even if we did not, there's a contract in place. And the first thing we should always look to is the four corners of the contract. And again, in that contract, it's hard for me to understand how you can say that contract, based on the face of that contract, deals with this property. Which contract are you referring to? The promissory note for personal loan for $80,000, which is what the plaintiffs in the circuit court sued on. Their complaint very specifically alleged that the plaintiffs owned this interest and then transferred it. Yet, separately, a different entity had already made payoffs to each of these people for that property in the amount of $159,000. And again, I'm trying to keep it simple. How can you transfer what you don't have? The note could have been clearer, but again, I don't know how you start to move outside of this note when it's an unsecured note. It's not the original note. There are alterations that my client alleged were made. So where's the original note? The original note was never produced by the trial attorneys. Well, the original note was given to your client? The plaintiffs brought a form. My client completed the form, and the record states that my client had it. Through the course, and I think the record reflects that there was a fire, they couldn't produce the note, and therefore that's when the judge had to rely on this parole evidence in terms of where's the note? Going back to what was established earlier by Justice Gordon, your client is a sophisticated businessman. And so now all of a sudden he doesn't have his copy of the note, an $80,000 note. He doesn't even know what he signed it for. He can't come up with a note. It's always the usual course of things that the person who's claiming that the note was altered also can't come up with his copy. So now your client can't come up with his copy, the original copy of the note, so that he can prove that it was altered. Plus, he can't even come up with any evidence as to why he signed the note. He says, what sophisticated businessman signs a note for future endeavors? And again, I think what's missing, and I think what has to be read into the record, is that there's this personal relationship. And frankly, I don't know that this was a note that was ever intended to be enforced. And when a relationship went bad, all of a sudden we have this note now that's being enforced because it's a poorly constructed note. It doesn't identify any subject matter. These two had dealt with, previous in the past, several different transactions and had to change these sorts of things before. So I don't know that it's totally unreasonable to think that this money was coming for rehab or something of another property, which is what I think my client was trying to say when he said, I'm not sure what this dealt with, but it didn't deal with 6148. Well, it might not be totally unreasonable, but it's not very credible. I mean, the point is, it goes back to what Justice Lampkin said at the start. This is all credibility. This is a trial judge making credibility determination. And here's what he's faced with. He's faced with a defendant who signs a note, but claims he doesn't know what it was for and he doesn't have his copy of the note. So which way is the judge supposed to go? Well, again, I think it's manifest whether evidence or not. I think we get back to lack of consideration is always going to be a good defense for a maker. And my client is the maker of this note. And if you look, once again, at the property that's at issue, we are saying on one hand, there's a transaction where the plaintiff's appellee has received over $320,000 for this property and a $115,000 rehab loan was taken out of this property for a total of $440,000. And at the same time, there's a note for this property where my client is promising to pay $80,000. You can't have one and the other. And again, one thing about the RESPA is it's a consumer protection statute. That could have been contained in a part of the RESPA. That would have made this clear. That would have made this beyond reproach. It would have been very clear and concise. Every part and facet of the deal that was going on. The question is, why is it separate? The RESPA is not unclear that proceeds were paid to the plaintiffs for this property. Yet, the plaintiffs are still saying, we have this additional indenture from the guy, but that for some reason wasn't included as part of the RESPA on the very same day. See, the problem is all of your arguments were considered by the trial judge. He made his decision based on the credibility of the witnesses. And we have to find that this is against the manifest weight of the evidence. And as long as there's evidence to support them, that's the problem. Well, again, that's interesting. All we do know is that there was a judgment in favor of the plaintiff's appellate. No, we don't. We know what the evidence was. There's no real written ruling that clearly establishes the logic of the basis upon which Judge Kirby arrived at his decision. There's nothing. The record's absent of that. There was no written ruling. We're all familiar with written rulings where painstaking detail is taken to explain how you arrived at your conclusion. That's not here. Do we really need that with this kind of evidence? I think we do. I mean, I think we do when we're dealing with a property that someone is saying, hey, I paid these guys for it. Why am I being held to this note for something altogether different? Did you ask the judge for a more concise ruling? I was not the trial attorney. It's the defendant's responsibility to provide the record to the appellate court. I understand. I was just answering a direct question. Nowhere in the record was that overture made. So that goes to the defendant, not to the plaintiff. Again, I would like the court to consider the notion that you can have a real estate transaction for a property in the amount of $440,000 and still, not that we know the area or understand the market values of this property, separately take out another $80,000 on this. And I think... Well, what about that little check for, what was it, $900? $934. What about that? What was that for? It just coincidentally matches the 7% interest for two months. $934 on what was now $96,050 that we're talking about, a 1% interest. I think the record reflects that. My client indicated that it was a payment toward one of the many things that he was doing with these guys. Except it exactly matched the interest that was due on the note for either one or two months. I mean, I'm understanding what your client's saying. I mean, I'm not even there, and I'm imagining what the judge is thinking when all these happenstances occur. It just happened that he lost the original note. He doesn't have his note, but the note that the plaintiffs do have is altered, but he can't show it because he doesn't have the original note. And now he's paid exactly what would be due on the note, given that it wasn't paid in time. The interest is exactly the amount, but it's for something else that he doesn't know what it's about. Well, I think it's telling that there was one payment, and maybe there was some pause after that as to what's going on here. Why is there one payment is the question. I think a better question is why weren't there more payments, and I think that's why we're here. He didn't want to pay. It's obviously what the judge ruled. He didn't want to pay, and that's why he made him pay. Well, there was one payment on $80,000. There was never any good faith effort by my client that said, I'm indebted to you for this. I think there was a... Well, you are past the point, and you're working hard to focus some arguments, and we appreciate that very well. But the problem is that this is a pencil, and it's hard to make it into an elephant, but we'll hear from the other side. Thank you. Thank you. Good morning, Your Honors. Pamela Meyerson again for the Plaintiff Appellees. You're right. This is all about credibility. The trial judge, Judge Kirby, believed my clients and found in their favor on the promissory note. And I think any of you probably would have made the same decision, but that's not the question. Of course, the question is whether his decision was against the manifest way of the evidence. So there are two issues that came up at trial, basically, and that the counsel is bringing forward before you. What do you have to say about his RESPA argument? What I have to say is simple. We didn't sign it. My clients who are here today, nowhere does their signature appear on it. Now, the way this was structured was because the defendant was a 10% owner, this wasn't structured as a purchase and sale. It was structured as a... On the RESPA agreement, it was structured as a refinance by the defendant. And again, I'll point out, there were no lawyers involved here. So if I had been representing them, even though I don't do real estate law, I think I would have done things very differently, but they didn't. They sat outside that closing room, and the defendant Reeves was inside the closing room and dealt with the closer. And he signed the RESPA, my clients didn't even sign it. So if it didn't say that there's $80,000 that has to do with this deal, well, so what? Basically, they didn't sign it. And if you look at the RESPA, even what we know about what happened in this deal, it's wrong. It says they were each to get $159,000. And you can see in the record, they got $150,000. They didn't get $159,000. So on its face, and given the information that you have from the record, you can see that the thing was wrong in that respect. So how do we know that the $80,000 was part of the deal? Well, first of all, you have the $80,000 note, which was attached to the complaint. And you're correct to point out that they didn't come up with any alternative that shows that there was some other agreement. And you have the testimony of my clients, who both very credibly explained that they had had a deal with Defendant Reeves. Initially, they'd had this written deal that he was going to buy the building for $500,000. And that fell through because the appraisal from the bank came in less than that. And so they made, at the last minute, an oral agreement, okay, we'll take $380,000 instead. They had paid $375,000 for it, and that's in the record. They decided, let's get out of this thing, we'll get a little bit more than that, and he'll be paid for his sweat equity for the work that he's done. We'll get $380,000. They'll give us $300,000 at the closing, in cash, which you've seen. And he'll give us a note for $80,000. Well, here's the note for $80,000. Now, at the trial, trial counsel said, referred to this as a raggedy note. And it sure is. It is a raggedy note. I would not have had my client sign this, but I wasn't there. There are a lot of things. They got it off the internet. There are a lot of things that are written in, crossed off. They crossed off the part about attorney's fees. That would have been a mistake, in my mind, if I had been representing them, but I wasn't. And then there was testimony specifically about who wrote what. In particular, there's this part of the site, if the lump sum payment is not received after the first year, then there will be this additional year at 7% interest. And the defendant testified that he didn't write that. That wasn't his handwriting. And that's not what it looked like when he signed the note. But the judge didn't believe him. Among other things, I was trial counsel. One of the things that we presented was a copy of a pro se motion that the defendant had filed. A motion to dismiss. And I asked the judge to compare the handwriting for the pro se motion to this handwriting that's on the note. They look very similar to me. And that's one of the pieces of evidence that I put forward. So there's that. That certainly goes to the credibility of the defendant. And Judge Kirby also pointed out on the record that I had impeached him four times. He didn't, the judge didn't believe the defendant. So there were these two factual issues. There was consideration for the note. And then there was the question of was the note attached to the complaint the one that he signed. We start from the note itself. It says for value received. Borrower promises to pay to lender, et cetera. And the cases say that when a note says for value received, you start from a presumption that there was in fact value received for that note. And that can be rebutted, but it has to be clear and cogent evidence. And we don't believe that the evidence that he presented was clear and cogent. No, it wasn't. It was, yeah, I gave him a note on that date, but it had nothing to do, even though it was the same date, it had nothing to do with that deal. That was some other deal. That was something else. Future transactions. And I signed a note and they were supposed to give me money later and they never did. And yet there was nothing to flesh out that testimony as to what exactly were these future endeavors and these other deals, and you're correct that he was in fact a real estate investor and he should have known better. One of my clients was also a real estate investor, but that doesn't mean that she in any way took advantage of him. No, they took this note away from him. They took copies of the note. There was testimony from both of them that the defendant kept the original and he said that there was a fire and so he couldn't produce the original. Well, you know, the judge chose not to believe that. Now, there was the merger argument that was brought up in the briefs. Counsel argued that the RESPA, the closing statement, merged any agreements and so basically there were no other agreements involved because the deed merged any and all agreements. The merger issue really does not apply to this case. The merger rule is that if the terms of a real estate contract are fulfilled by the delivery of a deed, then that merges the contract and if there are any other provisions in the contract that haven't been fulfilled, then they're gone. That's merged. But the RESPA is not a real estate contract. The RESPA is a summary of the deal that my clients didn't even sign. So the merger simply doesn't apply. There really aren't any legal issues here beyond deciding what's the standard of care and that's, I mean, the standard of review and that's against the manifest way to the evidence. And then just looking at the evidence, you can see that Judge Kirby did reject the arguments. At trial, just to fill you in, there is nothing in the record now with a more full explanation of Judge Kirby's ruling. He took it under advisement. A week later we came back and we didn't have a court report with us at that time. At the bench he had a rather long explanation of his argument but we didn't have a court report so that's not on the record. What you have is his decision. You owe, defendant, you owe $96,000. That's the full $80,000 plus the interest to that date. So implicitly he rejected the arguments that there were no consideration and that this wasn't the note I signed. So we ask that you affirm the decision of the trial court and find that he isn't that wrong. Thank you. Any questions? Thank you. May it please the court again. I'll just briefly state that it's interesting that a 10% stakeholder is controlling the deal to a property and you have two equally suited real estate investors. The main legal issue here is the lack of consideration which gives the maker, my client, a defense. And we are suggesting that it should be thought about that this property could have been dealt with differently. How do you respond to an argument that the document says for consideration given? Absolutely. And your client signed the document that said for consideration given. And he didn't say that that part was written in. I think the flaw in that, I'm glad you said that, is that the consideration being claimed was identified. It would be different if they hadn't in their complaint said this is the consideration. They are saying the consideration is this property. If it were just this note for value received, we don't really get past it. But they said this is what it is. It's this plate of cookies. You're not answering me for consideration given. If consideration is given, he owes them 80 grand. That's what I'm saying. Plaintiff has to prove her case. They filed a complaint. They said the consideration was the property. That would be my response. And it can't be the property when the property was already transferred through another procedure. In any event, I would like this court to reverse. I wonder what we would be discussing if there had been a written ruling. There isn't. But if there are any other questions, I'd be happy to address them right now. All right. Thank you. Thank you very much for giving us a very interesting case. We'll take it under advisement. The court is adjourned.